## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JANICE VERLINGHIERI and     :
JAMES VERLINGHIERI, w/h     :
                        :     CIVIL ACTION NO.
*Plaintiffs,*     :
                        :
v.     :
                        :
JOHN FORD, JR.     :
    - and -     :
UNITED STATES POSTAL SERVICE     :
                        :
*Defendants.*     :     **JURY TRIAL DEMANDED**

## CIVIL ACTION COMPLAINT

### I.   PRELIMINARY STATEMENT

1.     This is a claim against Defendants, John Ford, Jr. and the United States Postal Service, for personal injuries caused to Plaintiff Janice Verlinghieri by the negligent acts and/or omissions of Defendant United States Postal Service and its respective agents, servants, employees, workmen and/or representatives, including Defendant John Ford, Jr.

### II.   PARTIES

2.     Plaintiffs Janice Verlinghieri and James Verlinghieri, w/h are adult individuals and citizens of the Commonwealth of Pennsylvania, residing therein at 512 Morton Avenue, Folsom, PA 19083.

3.     Defendant John Ford, Jr. is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 154 W. Maryland Avenue B, Aldan, PA 19018.

4.     Defendant United States Postal Service is an independent agency of the United State federal government, with headquarters located at 470 L'Enfant Plaza, Washington, DC 20024.

5.     At all times pertinent hereto, Defendant United States Postal Service acted by and through its agents, servants, employees, workmen and/or other representatives, including Defendant John Ford, Jr., who were, in turn, acting within the course and scope of their employment, agency and/or service for the same.

### III.    JURISDICTION AND VENUE

6.     Jurisdiction is conferred upon this Court by virtue of 28 U.S.C. § 1346.

7.     The amount in controversy in this action is in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs and fees.

8.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the acts or omissions giving rise to the within claims occurred within the district.

### IV.    STATEMENT OF CLAIMS

9.     At all times material herein, Defendant United States Postal Service owned, leased, possessed, maintained, controlled and/or operated a certain mail truck which was travelling eastbound on East Rose Valley Road near its intersection with Hawthorne Lane in Wallingford, Pennsylvania, which was involved in the motor vehicle accident hereinafter described.

10.    On or about August 18, 2015, Plaintiff Janice Verlinghieri was operating a certain 2012 Ford Fusion motor vehicle, Pennsylvania license plate #JMY4384, which was lawfully traveling westbound on East Rose Valley Road near its intersection with Hawthorne Lane in Wallingford, Pennsylvania, which was involved in the motor vehicle accident hereinafter described.

11.    On or about August 18, 2015, Plaintiff Janice Verlinghieri was lawfully operating the aforesaid motor vehicle westbound on East Rose Valley Road near its intersection with Hawthorne Lane in Wallingford, Pennsylvania when, suddenly and without warning, the aforesaid

mail truck owned by Defendant United States Postal Service and operated by its employee, Defendant John Ford Jr., in the course and scope of his employment with United States Postal Service, made a left turn directly in front of Plaintiff's vehicle causing Plaintiff to turn in an attempt to avoid collision and ultimately strike a third vehicle which had been traveling eastbound on East Rose Valley Road behind the aforesaid mail truck with such force so as to cause Plaintiff to sustain severe and permanent injuries as described more fully hereinafter.

12.     The aforementioned motor vehicle accident was caused solely and exclusively by reason of the negligence and carelessness of the Defendants, United States Postal Service and John Ford, Jr., and was due in no manner to any act or failure to act on the part of the Plaintiff.

### COUNT I
### JANICE VERLINGHIERI v. JOHN FORD, JR.
### <u>NEGLIGENCE</u>

13.     Plaintiffs hereby incorporate by reference paragraphs one (1) through twelve (12) of the within Complaint as though the same were fully set forth at length herein

14.     The aforesaid motor vehicle accident was caused solely by the carelessness and negligence of Defendant John Ford. Jr., which consisted of the following:

(a) carelessly and negligently making a left turn when Plaintiff's vehicle, approaching from the opposite direction, was so close as to constitute a hazard;

(b) carelessly and negligently slowing the aforesaid mail truck during a left turn instead of accelerating through the turn when Plaintiff's vehicle, approaching from the opposite direction, was so close as to constitute a hazard;

(c) failing to yield the right of way to Plaintiff's vehicle which was approaching from the opposite direction and was so close as to constitute a hazard;

(d) failing to have the aforesaid mail truck under proper and adequate control at the time of the motor vehicle accident described herein;

(e) operating the aforesaid mail truck in an unsafe manner without due regard for the rights and safety of those lawfully upon the roadway, one of whom was the Plaintiff Janice Verlinghieri, more specifically making a left turn directly in

front of Plaintiff's vehicle causing Plaintiff to turn in an attempt to avoid collision and ultimately strike a third vehicle which had been traveling behind the aforesaid mail truck;

(f) otherwise failing to leave adequate space between the aforesaid mail truck and the Plaintiff's vehicle;

(g) failing to give proper and sufficient warning of the approach of the aforesaid mail truck;

(h) failing to maintain a proper lookout upon the roadway;

(i) failing to regard the point and position of Plaintiff's vehicle upon the roadway;

(j) operating a motor vehicle with disregard for the safety of persons upon the roadway;

(k) otherwise failing to exercise due and proper care under the circumstances; and

(l) violating various ordinances and statutes pertaining to the operation of motor vehicles including but not limited to 75 Pa. Cons. Stat. § 3322.

15.     Plaintiff Janice Verlinghieri in no manner contributed to her injuries which were the direct and proximate result of the Defendant's own negligence and or/carelessness.

16.     As a result of the aforesaid negligence of the Defendant, Plaintiff Janice Verlinghieri suffered severe injuries including, but not limited to injuries to her left hand, upper back, left knee and ribs and a fracture of the left distal 3rd metacarpal requiring surgical repair, as well as aches, pains, mental anxiety and anguish and a severe shock to her entire nervous system. Plaintiff has in the past and will in the future be unable to engage in her usual activities, all to her great detriment and loss.

17.     As a result of the aforesaid negligence of the Defendant, Plaintiff has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of her injuries and incur such expenditures for an indefinite time in the future.

18.     As a further result of the aforesaid accident, Plaintiff has in the past and may in the future suffer a loss of her earnings and/or earning power, and she may incur such loss for an indefinite period in the future.

19.     Further, by reason of the aforesaid occurrence, Plaintiff has and/or may hereafter incur other financial expenses all in an effort to treat and cure herself of the injuries sustained in the aforesaid accident.

20.     As a result of this accident, Plaintiff has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function and/or scarring, which may be in full or in part cosmetic disfigurements which are or may be permanent, irreparable and severe.

21.     As a further result of this accident, Plaintiff has suffered a loss of the enjoyment of her usual duties, avocations, life's pleasures and activities, and the shortening of her life expectancy, all to her great detriment and loss.

22.     As a further result of the aforesaid accident, Plaintiff has suffered great and unremitting physical pain, suffering and mental anguish, all of which may continue in the future.

WHEREFORE, Plaintiff, Janice Verlinghieri, demands judgment in her favor and against Defendant, John Ford, Jr., in an amount in excess of $150,000.00 together with costs of suit, interest and reasonable attorneys' fees, as well as any such other relief as the Court deems adequate, just and proper.

## COUNT II
### JANICE VERLINGHIERI V. UNITED STATES POSTAL SERVICE
### NEGLIGENCE

23.     Plaintiffs hereby incorporate by reference paragraphs one (1) through twenty-two (22) of the within Complaint as though the same were fully set forth at length herein.

24.     The aforesaid motor vehicle accident was caused solely by the carelessness and negligence of the Defendant, United States Postal Service, which consisted of the following:

(a) carelessly and negligently making a left turn when Plaintiff's vehicle, approaching from the opposite direction, was so close as to constitute a hazard;

(b) carelessly and negligently slowing the aforesaid mail truck during a left turn instead of accelerating through the turn when Plaintiff's vehicle, approaching from the opposite direction, was so close as to constitute a hazard;

(c) failing to yield the right of way to Plaintiff's vehicle which was approaching from the opposite direction and was so close as to constitute a hazard;

(d) failing to have the aforesaid mail truck under proper and adequate control at the time of the motor vehicle accident described herein;

(e) operating the aforesaid mail truck in an unsafe manner without due regard for the rights and safety of those lawfully upon the roadway, one of whom was the Plaintiff Janice Verlinghieri, more specifically making a left turn directly in front of Plaintiff's vehicle causing Plaintiff to turn in an attempt to avoid collision and ultimately strike a third vehicle which had been traveling behind the aforesaid mail truck;

(f) otherwise failing to leave adequate space between the aforesaid mail truck and the Plaintiff's vehicle;

(g) failing to give proper and sufficient warning of the approach of the aforesaid mail truck;

(h) failing to maintain a proper lookout upon the roadway;

(i) failing to regard the point and position of Plaintiff's vehicle upon the roadway;

(j) operating a motor vehicle with disregard for the safety of persons upon the roadway;

(k) otherwise failing to exercise due and proper care under the circumstances;

(l) violating various ordinances and statutes pertaining to the operation of motor vehicles including but not limited to 75 Pa. Cons. Stat. § 3322;

(m) entrusting a motor vehicle to Defendant John Ford, Jr.;

(n) failing to properly hire employees qualified to drive commercial vehicles;

(o) failing to properly train, monitor and supervise its employees; and

(p) failing to train employees on proper driving safety.

25.     Plaintiff Janice Verlinghieri in no manner contributed to her injuries which were the direct and proximate result of the Defendant's own negligence and or/carelessness.

26.     As a result of the aforesaid negligence of the Defendant, Plaintiff Janice Verlinghieri suffered severe injuries including, but not limited to injuries to her left hand, upper back, left knee and ribs and a fracture of the left distal 3rd metacarpal requiring surgical repair, as well as aches, pains, mental anxiety and anguish and a severe shock to her entire nervous system. Plaintiff has in the past and will in the future be unable to engage in her usual activities, all to her great detriment and loss.

27.     As a result of the aforesaid negligence of the Defendant, Plaintiff has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of her injuries and incur such expenditures for an indefinite time in the future.

28.     As a further result of the aforesaid accident, Plaintiff has in the past and may in the future suffer a loss of her earnings and/or earning power, and she may incur such loss for an indefinite period in the future.

29.     Further, by reason of the aforesaid occurrence, Plaintiff has and/or may hereafter incur other financial expenses all in an effort to treat and cure herself of the injuries sustained in the aforesaid accident.

30.     As a result of this accident, Plaintiff has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function and/or scarring, which may be in full or in part cosmetic disfigurements which are or may be permanent, irreparable and severe.

31.     As a further result of this accident, Plaintiff has suffered a loss of the enjoyment of her usual duties, avocations, life's pleasures and activities, and the shortening of her life expectancy, all to her great detriment and loss.

32.     As a further result of the aforesaid accident, Plaintiff has suffered great and unremitting physical pain, suffering and mental anguish, all of which may continue in the future.

WHEREFORE, Plaintiff, Janice Verlinghieri, demands judgment in her favor and against Defendant, United States Postal Service, in an amount in excess of $150,000.00 together with costs of suit, interest and reasonable attorneys' fees, as well as any such other relief as the Court deems adequate, just and proper.

## COUNT III
## JAMES VERLINGHIERI v. ALL DEFENDANTS
## LOSS OF CONSORTIUM

33.     Plaintiffs hereby incorporate by reference paragraphs one (1) through thirty-two (32) of the within Complaint as though the same were fully set forth at length herein.

34.     As a further result of the incident described herein, Plaintiff James Verlinghieri has suffered the loss of earnings, society, consortium and services of his wife, Plaintiff Janice Verlinghieri, to which he is legally entitled.

35.     As a further result of the incident described herein, Plaintiff James Verlinghieri has been or will be obliged to expend various sums of money and to incur various expenses for the treatment of the injuries which his wife has suffered by reason of the Defendants' negligence, and he may be obliged to continue to expend such sum or incur such expenditures for an indefinite period of time.

WHEREFORE, Plaintiff, James Verlinghieri, demands judgment in jis favor and against Defendants, John Ford, Jr. and United States Postal Service, in an amount in excess of $150,000.00

together with costs of suit, interest and reasonable attorneys' fees, as well as any such other relief

as the Court deems adequate, just and proper.

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all claims.

Respectfully,

**SWARTZ CULLETON PC**

By: _____

Brandon A. Swartz, Esquire
Maria K. McGinty-Ferris, Esquire
547 E. Washington Avenue
Newtown, PA 18940
T: (215) 550-6553
F: (215) 550-6557

Attorneys for Plaintiff,
Janice Verlinghieri and
James Verlinghieri, w/h

Date: August 1, 2016